[Doc. No. 68]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH ROBINSON, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>WINSLOW TOWNSHIP, et al.,<br><br>      Defendants. | Civil No. 11-530 (NLH/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant Wawa, Inc.'s "Motion for Protective Order." [Doc. No. 68]. Wawa seeks on Order barring the production of "certain summarized statements of Wawa, Inc. personnel, that were taken, on behalf of [Wawa], by an investigator hired by same, less than two weeks after the alleged incident occurred." See December 28, 2011 Letter Brief ("LB") at 1.[1] The Court received plaintiffs' opposition [Doc. No. 77] and defendants' reply [Doc. No. 78], and reviewed the documents in question in camera. The Court exercises its discretion to decide Wawa's motion without oral argument. See L. R. Civ. P. 37.1(b)(3). For the reasons to be discussed Wawa's motion is DENIED.

---

[1] The interviewed witnesses were Wawa employees Vicky Morrell, Monica Caromano, Deborah Naylor, Britney Crain and Gary Morse.

Background

On May 3, 2010, Keith Briscoe died outside of a Wawa Store after a confrontation with Sean Richards, a Winslow Township police officer. Plaintiffs allege, inter alia, that Officer Richards confronted Briscoe outside the store and applied excessive force during an illegal arrest.

Although plaintiffs' motion addresses documents prepared by Curley Adjustment Bureau, Inc. ("Curley"), plaintiffs do not clearly describe Curley's role. Wawa simply states that its "Third Party Administrator" (unidentified) retained Curley "to conduct interviews of Wawa, Inc. employees, obtain the police investigation file and prepare a report for the Company." LB at 5. Wawa's privilege log indicates that on May 12, 2010, Curley interviewed five Wawa store employees and prepared witness summaries. Wawa contends the summaries are protected by the work-product doctrine. Wawa argues:

> [Wawa] is aware that plaintiffs had retained counsel as early as the week of the alleged incident. In fact, on May 10, 2010, a mere seven days after the subject episode had occurred, current counsel for the plaintiffs visited the subject Wawa, Inc. store location and interviewed Defendant's employee Gary Morse, about the surveillance cameras, videotapes, and Morse's observations, role and involvement in the incident.... These events took place approximately two weeks prior to the interviews of Defendant's employees by the Curley investigator. Given the totality of the circumstances, this Movant did not merely have an anticipation of getting sued, it had an expectation of same.

2

LB at 2 (emphasis in original).[2]

On August 23, 2010, the Court denied plaintiffs' motion to take pre-complaint discovery pursuant to Fed. R. Civ. P. 27(a). See Robinson v. Winslow Township, C.A. No. 11-530 (NLH/JS), 2010 WL 3326678 (D.N.J. August 28, 2010). Plaintiffs filed their complaint on January 24, 2011 against, inter alia, the police officers involved in Briscoe's incident and their municipalities, and Wawa. Plaintiffs allege that Wawa's actions resulted in an unprovoked, unpermitted, harmful and offensive contact with Briscoe and thus constitute assault and battery. See Complaint ¶¶ 108-111. As to Wawa plaintiffs also allege false arrest, false imprisonment, negligence and gross negligence, and they assert wrongful death and survival claims. Id. ¶¶ 112-131.

Discussion

The work-product doctrine is governed by a uniform federal standard set forth in Fed. R. Civ. P. 26(b)(3). United Coal Companies v. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988). In order for documents to be protected from discovery pursuant to the doctrine, "it must be reasonably clear based on the surrounding

---

[2] Wawa did not indicate whether the person(s) who hired Curley knew that counsel had been retained for the decedent to investigate a potential lawsuit against Wawa. Wawa simply attached to its letter brief plaintiff's September 29, 2011 answers to interrogatories which stated that plaintiff's counsel spoke with its employee Gary Moore on May 10, 2010 at the Berlin Wawa. It appears from the documents reviewed in camera that Curley was retained before plaintiffs' counsel visited the store on May 10, 2010.

3

facts and the nature of the materials that they were in fact prepared or obtained because of pending or anticipated litigation." Reich v. Hercules, Inc., 857 F. Supp. 367, 372 (D.N.J. 1994)(citing In re Grand Jury Proceedings, 604 F.2d 798, 803 (3d Cir. 1979)). Documents prepared in the regular course of business are not protected. United States v. Rockwell Intern. ("Rockwell"), 897 F.2d 1255, 1266 (3d Cir. 1990). Documents created for other purposes that are useful in subsequent litigation are not attorney work-product. In re: Gabapentin Patent Litig. ("Gabapentin"), 214 F.R.D. 178, 184 (D.N.J. 2003). Thus, a party seeking to invoke the work-product doctrine must prove at least two elements. First, that a document was prepared because of reasonably anticipated litigation. Second, that the material was prepared because of the prospect of litigation and for no other purpose. Id. at 183-84.

The burden of proving that a document is protected rests with the party asserting the work-product doctrine. Torres v. Kuzniasz, 936 F. Supp. 1201, 1208 (D.N.J. 1996). The party claiming protection must demonstrate the precise manner in which a document is protected. Id. Blanket assertions do not suffice. Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000); United States v. Trenk, C.A. No. 06-1004 (MLC), 2006 WL 3359725, at *4 (D.N.J. Nov. 20, 2006). See also Nxivm Corp. v. Sutton, C.A. No. 06-1051 (DMC), 2010 WL 2521352, at *3 (D.N.J. June 9, 2010)(the litigation prong of the work-product analysis requires that specific facts and

4

circumstances establish that a document was prepared or obtained because of litigation and not for business or another purpose.)

Whether a document was prepared in anticipation of litigation is a difficult determination. Gabapentin, 214 F.R.D. at 183. In general, however, a party must show more than a "remote prospect" or an "inchoate possibility" for a likely chance of litigation. Id. "[A] party must show that there existed 'an identifiable specific claim of impending litigation when the materials were prepared.'" Id. (citing Harper v. Auto-Owners Insurance Co., 138 F.R.D. 655, 660 (S.D. Ind. 1991)). In this context it is also important to note that a document may be protected by the work-product doctrine even though it was not prepared by an attorney. The work-product doctrine may apply even if a document was prepared by a party's insurer or agents of the insurer. See United Coal Companies, 839 F.2d at 966-67.

Here, Wawa's motion is denied because it has not produced any competent evidence that Curley's interviews and summaries were prepared in anticipation of litigation.[3] The motion is also denied because Wawa has not shown that the statements were prepared primarily for litigation rather than for a business purpose. Wawa argues, "[t]he Curley report was not prepared in the ordinary

---

[3]The Court makes this finding despite plaintiffs' concession that it may have been "objectively reasonable for Wawa to anticipate litigation regarding this incident, knowing that its employee may have contributed to Keith Briscoe's death." January 9, 2012 Letter Brief ("PLB") at 1. The Court disagrees with plaintiff and Wawa on this point.

5

course of business, but rather 'in anticipation of litigation.' The report was prepared in response to extraordinary circumstances that occurred on [Wawa's] property, and to an extent, involved [Wawa's] employee." LB at 5. However, counsel's conclusory statements do not substitute for competent evidence such as an affidavit.[4] It is just as likely that Curley's interviews and summaries were prepared in the regular course of Wawa's or its insurer's business as it is that they were prepared in anticipation of litigation. For example, it is not far-fetched to conclude that Wawa routinely investigates widely publicized incidents at its stores. Or, for Wawa to have a practice or policy that whenever a death or serious injury occurs on its property an investigator should be hired to look into the incident. In addition, "Wawa may have ordered an investigation as part of its self-critical analysis to determine whether policies and procedures to address similar, future incidents were warranted." PLB at 2. The Court is not concluding that this is what occurred here. It is simply ruling

---

[4]The Court agrees with plaintiffs' argument:

> Aside from the bare assertion in its brief that the statements were taken in anticipation of litigation, Wawa has not articulated any facts, through a competent source, to describe the reason its investigation. It has therefore failed to satisfy its burden that the documents it seeks to protect were prepared in anticipation of litigation.

PLB at 2.

that Wawa's work-product claim fails because it did not submit evidence to support its contention that Curley's documents were prepared in anticipation of litigation and not for a business purpose.[5] Documents prepared in the ordinary course of business that are useful in future litigation are not protected by the work-produce doctrine. See Rockwell, 897 F.2d at 1266.[6]

The Court disagrees with Wawa's assertion that "Halpin is 'directly on point'." See Halpin v. Barnegat Bay Dredging Co., Inc., C.A. No. 10-3245 (AET), 2011 WL 2559678 (D.N.J. June 27, 2011). In Halpin, plaintiff injured his arm while employed as defendant's deckhand. Shortly after the accident the third-party administrator of the defendant's insurer investigated the claim, interviewed the plaintiff and witnesses, and prepared notes and summaries of the interviews. In discovery plaintiff sought all statements concerning his accident. Defendant objected on the ground that the requested materials were work-product. Defendant acknowledged that its investigator had interview notes and reports but denied it had any signed, written statements. The Court found that the requested documents were work-product and denied

---

[5] To be sure, there may be rare instances where documents are so obviously work-product that no extrinsic evidence is necessary to establish this fact. Peterson v. Bernardi, 262 F.R.D. 424, 430 (D.N.J. 2009). However, this is not what happened here.

[6] It is noteworthy that the documents reviewed in camera do not mention or refer to the possibility of litigation involving Wawa.

plaintiff's motion.

One significant difference between <u>Halpin</u> and this case is that in <u>Halpin</u> the defendant submitted evidence that the subject interviews were prepared in anticipation of litigation. For example, the investigator served a Declaration explaining why litigation was expected. <u>See</u> 2011 WL 2559678, at *2.[7] No such evidence was submitted here. This case is also distinguishable from <u>Halpin</u> given the nature of the claim. It is foreseeable and could be reasonably anticipated that a seaman would file a lawsuit against his employer for a serious injury occurring on a vessel. On the other hand, it is doubtful that soon after Briscoe's incident Wawa anticipated it would be sued. After all, the focus of plaintiffs' claim is that the decedent was assaulted and killed by police officers, not Wawa employees.[8] The Court does not concur with Wawa's argument that "[g]iven the totality of the circumstances, [it] did not merely have an anticipation of getting sued, it had an <u>expectation</u> of same." LB at 5 (emphasis in original).

---

[7] The investigator explained, <u>inter alia</u>, that plaintiff's injuries were "serious" and that under the Jones Act the plaintiff could sue his employer. The investigator also averred that based on his training as an attorney he not only anticipated litigation but he expected it. <u>Id.</u> at *3.

[8] The "articulable claim likely to lead to litigation must pertain to this particular party [Wawa], not the world in general." <u>Gabapentin</u>, 214 F.R.D. at 184(citing <u>McCook Metals L.L.C. v. Alcoa Inc.</u>, 192 F.R.D. 242, 259 (N.D. Ill. 2000)).

8

Wawa assumes that simply because it or its insurer hired a claims investigator that its interview summaries are work-product. ("Indeed, the mere <u>hire</u> of a <u>private</u> <u>investigator</u> indicates that this inquest was <u>not</u> in the ordinary course of business." January 11, 2012 Letter Brief at 2 (emphasis in original)). However, <u>Halpin</u> explains that this is not the law. <u>Id.</u> at *15-17. "To assume that litigation may ensue from any accident may not be unreasonable, but the concept that the mere occurrence of an accident constitutes anticipation of litigation has been soundly rejected...." <u>American Home Assur. Co. v. U.S.</u>, C.A. No. 09-258 (DMC), 2009 WL 3245445, at *2 (D.N.J. Oct. 7, 2009). As set forth in a substantial body of case law, insurance companies, and presumably sophisticated self-insureds, routinely investigate claims in the course of their business. <u>Id.</u> (collecting cases)("It is routine for an insurance company to send an agent or investigator to the scene of an accident to gather information and prepare a report.") Accordingly, not all work-product of a private investigator is entitled to work-product protection.[9]

---

[9]Since Wawa has not demonstrated that Curley's investigation was work-product, there is no need to address Wawa's other argument as to why the requested discovery is protected, <u>e.g.</u>, that plaintiffs do not have a substantial need for the material. Nevertheless, given that the subject interview summaries were prepared only days after the May 3, 2010 incident, it is likely that plaintiffs would be able to demonstrate a substantial need for the summaries. <u>See</u> <u>Halpin</u>, 2011 WL 2559768, at *17 (collecting cases); <u>McCann v. Miller</u>, C.A. No. 08-561, 2009 WL 1941206, at *2-3 (E.D.Pa. July 6, 2009)(statements taken from witnesses at or about the time of the occurrence described in

Wawa also argues that since its counsel visited the store on May 10, 2010 and interviewed an employee, this evidences that it anticipated or expected litigation. LB at 5. However, the "simple involvement of counsel in an insurer's claim investigation does not transform the investigation to one undertaken in anticipation of litigation." American Home Assur. Co., 2009 WL 3245445, at *3.[10]

---

them (within one week or one month) are unique in that they provide an immediate impression of the facts).

[10] It does not go unnoticed that counsel did not explain who retained him, why, and whether this was routinely done. The Court does not accept the premise that whenever a client retains a lawyer to investigate an incident that the client necessarily anticipates litigation against it. See id.

10

Conclusion

    For all the foregoing reasons, the Court finds that Wawa has not satisfied its burden of showing that the requested documents were prepared in anticipation of litigation.  Accordingly, it is hereby ORDERED this 13th day of January, 2012, that Wawa's Motion for Protective Order is DENIED.  Wawa shall produce the requested interview summaries and notes, and Mr. Ricci's May 13, 2011 letter, by January 18, 2012.[11]

                                          s/Joel Schneider
                                          JOEL SCHNEIDER
                                          United States Magistrate Judge

---

[11] Rule 26(b)(3)(B) provides that if the Court Orders the discovery of work-product, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.  The Court reviewed Curley's summaries and determined that the only "impressions" were the investigator's "Appraisal[s] of Person Interviewed."  These checked boxes may be redacted.  The investigator's summaries of the facts relayed to him are not mental impressions, etc.

11